IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-MD-1959-BO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PANACRYL SUTURES PRODUCTS | ) | |
| LIABILITY CASES | ) | <u>O R D E R</u> |
| | ) | |
| This document applies to: | ) | |
| | ) | |
| *Alyssa Johnson, et. al. v. Johnson & Johnson, et. al.* | ) ) ) | Civil Action No. 3:08-930 (DNJ) |
| *Denise Rondot, et. al. v. Johnson & Johnson, et. al.* | ) ) ) | Civil Action No. 3:08-931 (DNJ) |
| *Maureen Thompson, et. al. v. Johnson & Johnson, et. al.* | ) ) ) | Civil Action No. 3:08-932 (DNJ) |
| *Sandra Vermilyea, et. al. v. Johnson & Johnson, et. al.* | ) ) ) | Civil Action No. 3:08-933 (DNJ) |
| *Brian K. Edwards, et. al. v. Johnson & Johnson, et. al.* | ) ) ) | Civil Action No. 3:08-3337 (DNJ) |

This matter is before the Court on Plaintiffs' Motion for Reconsider the denial of Plaintiff's Motion to Certify Class Action and Plaintiffs' Motion for Leave to File a supplemental memorandum setting forth the laws of all relevant jurisdictions and a second proposed trial plan. For the reasons set forth herein, Plaintiffs' Motion for Leave is GRANTED, but Plaintiffs' Motion for Reconsideration is DENIED.

<u>INTRODUCTION</u>

The Plaintiffs in this case allege that they were injured by Panacryl Absorbable Sutures

("Panacryl Sutures") - synthetic, braided, undyed, absorbable surgical sutures comprised of a copolymer of lactide and glycolide. On November 13, 2009, this Court denied certification of a national class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs now move for reconsideration of the denial of class certification.

## DISCUSSION

This Court denied class certification because New Jersey's choice of law rules mandated the application of the laws of each Plaintiff's domicile, *Rowe v. Hoffman LaRoche, Inc.*, 917 A.2d 767 (N.J. 2007), and because individual issues of fact predominate over common issues.

**I. Choice of Law**

Plaintiffs claim that this Court's choice of law analysis relying on *Rowe v. Hoffman LaRoche* was in error and cite *In re Mercedes-Benz Tele Aid Contract Litigation*, 257 F.R.D. 46 (D.N.J. 2009), for the proposition that New Jersey's substantive law applies to the claims of each class member in the instant case. But *In re Mercedes-Benz* does not indicate that New Jersey's laws with respect to the choice of law in personal injury cases has changed since *Rowe v. Hoffman LaRoche*. Rather, in *Rowe v. Hoffman LaRoche*, the Supreme Court of New Jersey applied the factors set out in Sections 6, 145, 146 of the Second Restatement of Conflict of Laws concerning personal injuries and found that class certification was granted in error in an action for personal injuries suffered by a Michigan resident who was prescribed and ingested the drug Accutane in Michigan. Although the allegedly tortious conduct by the drug manufacturer took place in New Jersey, the Court found that "[t]o allow a life-long Michigan resident who received an FDA-approved drug in Michigan and alleges injuries sustained in Michigan to by-pass his own state's law and obtain compensation for his injuries in this State's courts completely

undercuts Michigan's interests, while overvaluing our true interest in this litigation." 189 N.J. at 630, 917 A.2d at 776. In contrast, *In re Mercedes-Benz* applied the factors set out in Sections 221 and 148(2) of the Second Restatement concerning unjust enrichment and fraud and granted class certification for claims arising from the allegedly deceptive marketing of emergency response systems equipped on Mercedes Benz vehicles. Therefore, as explained in this Court's prior Order, Plaintiffs' claims here are governed by the substantive laws of Plaintiffs' domiciles.

## II. The Second Proposed Trial Plan

Plaintiffs have also moved for leave to file additional materials and submitted to the Court a proposed memorandum analyzing of the laws of the fifty states and several foreign jurisdictions from which Plaintiffs' counsel anticipates class members will hail. Plaintiff's Motion for Leave is GRANTED. But having considered Plaintiffs' supplemental memorandum and exhibits, this Court concludes that the second proposed trial plan does not render class certification viable.

Plaintiffs originally proposed a two part trial plan in which the issues of general causation and liability would be addressed in a consolidated first phase and individual cases would then be remanded to their home districts to resolve the individual issues of specific causation and damages. This Court rejected Plaintiffs' first proposed two-phase trial plan because that plan would not eliminate the necessity of applying the laws of several jurisdictions or the individual factual complications presented by the various medical procedures and surgical practices attendant to the use of Panacryl Sutures. Plaintiffs now propose a similar trial plan including a series of sub-classes to take into account variations in the substantive laws of all fifty states and the foreign jurisdictions where potential class members may be domiciled. But this second

-3-

proposed trial plan does not cure the defects identified in this Court's prior Order that are fatal to Plaintiffs' efforts to certify a national class action.

Plaintiffs again attempt to separate out common factual issues with a bifurcated trial plan. But Rule 23(c)(4) may not be used to manufacture predominance for the purposes of Rule 23(b)(3). *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 745 n.21 (5th Cir. 1996); *Peoples v. Wendover Funding, Inc.*, 179 F.R.D. 492, 501 n.4 (D. Md. 1998). As explained in this Court's prior Order, this case also presents individual issues of fact, including different surgeries and patient characteristics, that will overwhelm common issues. These factual complications would be sure to worsen as the proposed class filled. Even assuming that Plaintiffs' system of subclasses properly addressed the different laws that must be applied, Plaintiffs' trial plan does not create factual typicality or predominance. And it should also be noted that this Court has serious concerns regarding the manageability of Plaintiffs' proposed system of subclasses. "[T]he court must give effect to the variations in state law, however minor they may be." *In re Stucco Litig.*, 175 F.R.D. 210, 216-17 (E.D.N.C. 1997). At a minimum, Plaintiffs submit that the phase one trial would include four sub-classes for defective design, two sub-classes for failure to warn, on sub-class for defective design and negligence, two sub-classes for fraudulent concealment, three sub-classes for punitive damages, two sub-classes for the tolling of the statute of limitations. Pl. Mem. at 4-11.

In sum, Plaintiffs have not shown that common issues predominate. Therefore, a class may not be certified in this matter even taking into account Plaintiff's second proposed trial plan and subclasses.

## CONCLUSION

For the above stated reasons, Plaintiffs' Motion for Reconsideration is DENIED.

SO ORDERED, this __1__ day of August, 2010.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

-5-

Case 5:08-md-01959-BO   Document 144   Filed 08/03/10   Page 5 of 5